Opinion by
Willson, J.
§ 163. Railroad passenger ticket; limited. When a railroad ticket limits the time within which it must be used, it will not entitle the holder to a passage after the expiration of that time. [Hutchinson on Carriers, § 515.]
§ 164. Ejecting a passenger; rules as to. A passenger who has no valid ticket, and who fails to pay his fare, is a trespasser, and may be ejected in a proper manner. But the right to eject a passenger is not an unlimited one. It was at one time limited in this state by statute [Pas. Dig. art. 4892], but that statute has been repealed, and the matter is now regulated by the common law. [R. S. art. 211.1 At common law a passenger who refuses to obey a reasonable regulation of the carrier forfeits his right to be carried, and at once puts himself in the condition of an intruder, and may be ejected at any point upon the carrier’s route at which he may choose to put him off. [Hutch, on Carriers, § 590.] This rule applies to the non-payment of the customary fare. But, to this general rule, there are well-established qualifications and exceptions. Thus, “though the carrier may not be required to pay regard to the mere convenience of the *145 passenger, when he has forfeited his right to he carried, he cannot eject him in such manner as to endanger his safety, without making himself liable for the consequences. He can use no more force than may be necessary, and if he resort to unnecessary violence, it will be no defense that the passenger had offended against his rules, and had thereby subjected himself to the carrier’s right to expel him; and not only the unnecessary force, but any circumstances of insult or indignity in the manner of his expulsion, may be shown, in an action by the carrier.” [Hutch, on Carriers, § 591.] While the carrier may eject a passenger for the non-payment of- fare, he must use a reasonable degree of care in the exercise of this right, both as to the manner and the place of the ejectment. While he is not required to put the passenger off at a station or stopping place, he certainly has no right to put him off at a place where his life or his health would bo endangered. In this case appellee was a passenger upon appellant’s train, and failed to pay his fare. He was told by the conductor that he must get off the train at the next station. He was not notified when the train reached the next station, and did not get off. After the train had passed the station about one mile the conductor ejected him from the train. This occurred about twelve o’clock at night, and the weather was very cold, and appellee was a cripple, and was thinly clad. There was a station house near the place he was ejected, but it was not shown that any person was at said house. Appellee remained at the place he was ejected until daylight, and suffered greatly from cold, etc. Held, that the evidence was sufficient to warrant the verdict of the jury, which awarded appellee $250 damages. The jury might well conclude that the conductor did not usé ordinary or reasonable care in selecting the place of ejectment, but that, on the contrary, he acted negligently and tortiously. This was a question of fact for the jury to determine. [W. & W. Con. Eep. § 255.]
April 23, 1884.
Affirmed.